SARAH R. WOLK (Bar No. 251461)
srw@wltlawyers.com
ZACHARY LEVINE (Bar No. 265901)
zjl@wltlawyers.com
JESSICA N. TROTTER (Bar No. 251457)
jnt@wltlawyers.com
Wolk Levine & Trotter, LLP
550 N. Brand Blvd., Ste. 625
Glendale, CA 91203
Telephone: 818-241-7499
Facsimile: 323-892-2324

Attorneys for Plaintiff
AMITY RUBBERIZED PEN COMPANY

FILED

13 JAN -4  PM 2: 05

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**CV13-00069** ODW(SHx)

| | |
|---|---|
| AMITY RUBBERIZED PEN COMPANY, a California corporation, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | (1) Infringement of U.S. Patent No. 7,004,350; |
| | (2) Inducement of Infringement of U.S. Patent No. 7,004,350; |
| MARKET QUEST GROUP, INCORPORATED, a California Corporation dba ALL-IN-ONE MANUFACTURING; ALLINONELINE.COM, an entity of unknown status; HARRIS COHEN, an individual; KAREN COHEN, an individual; and DOES 1-10, inclusive; | (3) False Advertising Under the Lanham Act; |
| | (4) Intentional Tortious Interference Under California State Law; |
| | (5) Unfair Competition Under California Business and Professions Code Section 17200 et seq.; |
| Defendants. | **DAMAGES IN EXCESS OF $75,000 DEMAND FOR JURY TRIAL** |

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

SARAH R. WOLK (Bar No. 251461)
srw@wltlawyers.com
ZACHARY LEVINE (Bar No. 265901)
zjl@wltlawyers.com
JESSICA N. TROTTER (Bar No. 251457)
jnt@wltlawyers.com
Wolk Levine & Trotter, LLP
550 N. Brand Blvd., Ste. 625
Glendale, CA 91203
Telephone: 818-241-7499
Facsimile: 323-892-2324

Attorneys for Plaintiff
AMITY RUBBERIZED PEN COMPANY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMITY RUBBERIZED PEN COMPANY, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKET QUEST GROUP, INCORPORATED, a California Corporation dba ALL-IN-ONE MANUFACTURING; ALLINONELINE.COM, an entity of unknown status; HARRIS COHEN, an individual; KAREN COHEN, an individual; and DOES 1-10, inclusive;<br><br>Defendants. | Case No.: \_\_\_\_\_<br><br>**COMPLAINT FOR:**<br><br>(1) Infringement of U.S. Patent No. 7,004,350;<br>(2) Inducement of Infringement of U.S. Patent No. 7,004,350;<br>(3) False Advertising Under the Lanham Act;<br>(4) Intentional Tortious Interference Under California State Law;<br>(5) Unfair Competition Under California Business and Professions Code Section 17200 et seq.;<br><br>**DAMAGES IN EXCESS OF $75,000**<br>**DEMAND FOR JURY TRIAL** |

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 1

Plaintiff Amity Rubberized Pen Company ("Plaintiff"), by and through its undersigned counsel, files the following Complaint for damages and demand for jury trial, complaining of defendants Market Quest Group, Incorporated, All-in-One Manufacturing, Allinoneline.com, Harris Cohen, Karen Cohen, and DOES 1-10 (collectively referred to as "Defendants") as follows:

## JURISDICTION AND VENUE

1.  This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 2201(a), 2202; 35 U.S.C. § 281; and 15 U.S.C. § 1125(a)(1).

2.  Pursuant to 28 U.S.C. §§ 1338(a), 1338(b), and 1367(a), this Court has supplemental jurisdiction over the state claims herein in that these claims are related to, and form part of, the same case and controversy as the federal claims herein.

3.  This Court has personal jurisdiction over the Defendants in this action and venue is proper in this judicial district under 28 U.S.C. § 1391(b) because, as alleged further below: (a) Defendants reside in the State of California; (b) Defendants have intentionally engaged in substantial business within this forum amounting to sufficient minimum contacts, including, but not limited to, the offer for sale and sale of their offending products and/or services into California and into this district, including the use of the Internet; and (c) a substantial part of the acts or omissions giving rise to the asserted claims occurred or had effects in this judicial district.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) and § 1400 (a) and (b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

///

///

Wolk Levine
& Trotter
150 N. Brand
Blvd., Ste 625
Glendale, CA
91203

## PARTIES

5. Plaintiff Amity Rubberized Pen Corporation ("Amity") is, and at all times relevant hereto was, a corporation duly organized and validly existing in the State of California and doing business therein. Amity maintains a principal place of business located at 16006 Avenida Padilla, Azusa, California 91702. Amity is the owner by assignment of all right, title, and interest in and to U.S. Patent No. 7,004,350 B2 (the "Amity Patent").

6. Upon information and belief, defendant Market Quest Group, Incorporated ("Market Quest"), is a California corporation with a principal place of business located at 9600 Kearny Villa Road, San Diego, California 92126 and has made, used, sold, imported into the U.S., and offered for sale products infringing the Amity Patent. Upon information and belief, Market Quest maintains a fictitious business name registration with the County of San Diego under, "All In One Manufacturing" and does business under that name.

7. Upon information and belief, defendant Harris Cohen is an owner and/or officer of Market Quest and/or All In One Manufacturing and/or allinoneline.com and personally has made, used, sold, imported into the U.S., and offered for sale products infringing the Amity Patent, and is involved in, aiding, controlling, and/or aware of and benefiting from the unlawful conduct complained of herein by Amity.

8. Upon information and belief, defendant Karen Cohen is an owner and/or officer of Market Quest and/or All In One Manufacturing and/or allinoneline.com and personally has made, used, sold, imported into the U.S., and offered for sale products infringing the Amity Patent, and is involved in, aiding, controlling, and/or aware of and benefiting from the unlawful conduct complained of herein by Amity.

9. Does 1-10, are, and at all times relevant hereto were, by the nature of their conduct, liable to the Plaintiff for the misconduct alleged herein. At such time as the true names and identities of the Doe Defendants are known, Plaintiff will seek leave of this Court to amend its complaint to add the same.

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

10. Plaintiff is informed and believes, and on that basis alleges herein, that Defendants, and each of them, at all times relevant herein were, and are, the agents, employees, partners, joint venturers, owners, principals, employers or other representatives of each and every other defendant, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, employment, partnership, joint venture, representation, or ownership. Plaintiff is further informed and believes, and on that basis alleges herein, that the acts and conduct alleged of each defendant were known to, authorized by, consented to, or ratified by the other remaining defendants and each of them.

## PROCEDURAL HISTORY

11. On or about September 27, 2006, Amity filed lawsuit case number CV 06-06165 GW (CWx) against Defendants for (1) Infringement of U.S. Patent Number 7,004,350; (2) Inducement of Infringement of Patent Number 7,004,350; (3) False Advertising Under the Lanham Act; (4) Intentional Tortious Interference Under California State Law; (5) Negligent Interference Under California State Law; (6) Unfair Competition Under Cal. Bus & Prof. Code § 17200 et seq.; (7) Common Law Unfair Competition; (8) Declaratory Judgment of Invalidity of U.S. Patent Number 7,066,349; and (9) Declaratory Judgment of Inequitable Conduct/Unenforceability of U.S. Patent Number 7,066,349.

12. On or about April 8, 2010, Amity filed its First Amended Complaint against Defendants for: (1) Infringement of U.S. Patent Number 7,004,350; (2) Inducement of Infringement of Patent Number 7,004,350; (3) Contributory Infringement of U.S. Patent Number 7,004,350; (4) Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq.; (5) Declaratory Judgment of Invalidity of U.S. Patent Number 7,066,349; (6) Declaratory Judgment of Invalidity of U.S. Patent Number 7,066,349; (7) Declaratory Judgment of Invalidity of U.S. Patent No. D596,392; (8) Declaratory Judgment of Inequitable Conduct/Unenforceability of U.S. Patent No. D596,392; and (9) Sham Litigation in Violation of 15 U.S.C. § 1.

Wolk Levine
& Trotter
350 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 4

13. On or about January 20, 2010, this Court granted Amity's Motion for Summary Judgment of Invalidity of U.S. Patent Number 7,066,349 Under 35 U.S.C. § 102(b) and Unenforceability.

14. On or about April 23, 2010, the Court declared a mistrial in Case Number CV 06-06165 GW (CWx).

15. On information and belief, Defendants continued the acts complained of by Amity in the Complaint and First Amended Complaint at all times during the pendency of Case Number CV 06-06165 GW (CWx) and continuously, without interruption or mitigation, to the present.

## FACTS COMMON TO ALL ALLEGATIONS

16. Among other things, Plaintiff designs, manufactures, and markets specialty advertising products.

17. Plaintiff invests substantial resources on researching and creating innovative products. Moreover, the United States Patent and Trademark Office has granted to Plaintiff United States Patent No. 7,004,350, titled "Dispenser for toothpicks and tablets" (the "Amity Patent").

18. A true and correct copy of the Amity Patent is attached hereto as Exhibit 1.

19. For decades, dispensers have existed, which house and dispense common items such as mints or toothpicks. However, users have found it to be inconvenient and/or undesirable to carry and/or use separate dispensers containing toothpicks and a separate container for mints or other tablets. The Amity Patent outlines an invention that does more than just merely combine toothpicks and mints. The Amity Patent provides a structure to align and coordinate the toothpicks and tablets for the purpose of minimizing crowding and urging individual toothpicks and/or tablets to exit the dispenser from outlets designed to encourage dispensing one item at a time.

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 5

20. The United States Patent and Trademark Office granted Robert Oroumieh a patent on the innovative dispensers for toothpicks (the "Amity Patent"), whereafter Mr. Oroumieh assigned all rights and interests in the same to the Plaintiff.

21. The Amity Patent describes a toothpick and tablet dispenser which has two housing halves force-fitted together and guide walls in at least one of the halves to guide toothpicks and tablets to different outlets to dispense a single toothpick or tablet at a time. A gate at each outlet provides manual access to the outlets and ensures sanitary interior conditions.

22. Furthermore, the Amity Patent makes use of Newton's Third Law of Motion, namely that when a first body exerts a force on a second body, the second body simultaneously exerts an equal and opposite force on the first body. When used, the Amity Patent invention is driven into the palm of the user's hand with a force and the opposite and equal force is used to drive out, or "eject" a toothpick or tablet.

23. Upon information and belief, Defendants have a pattern of unfairly competing by, among other things, wrongfully, knowingly, and deliberately copying, making, distributing, selling, and using competitors' property for Defendants' own gain.

24. Defendants have manufactured, used, sold, and offered for sale certain dispensers for toothpicks and mints throughout the United States of America, without right or license from Plaintiff, and in direct infringement of the Amity Patent. Defendants' infringing products include, but are not limited to, its "Pick 'N Mint" dispenser. A copy of Defendants' product brochure depicting Defendants' "Pick 'N Mint" dispenser is attached hereto as Exhibit 2. A copy of Defendants' online product advertisement depicting Defendants' "Pick 'N Mint" dispenser is attached hereto as Exhibit 3. Defendants continue making, using, selling, and offering to sell such dispensers for toothpicks and tablets, many or all of which infringe on the Amity Patent, to the great loss and irreparable injury to Plaintiff.

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 6

1 Additionally, Defendants are actively inducing others to infringe the Amity Patent.
2 Defendants' unlawful acts will continue unless restrained by this Court.

3     25. Upon information and belief, Defendants approached Plaintiff asking if
4 Plaintiff could manufacture for Defendants a mint dispenser. Plaintiff responded
5 that since others were already making mint boxes, Plaintiff did not want to
6 manufacture a mint box but instead would develop a novel box that would combine
7 the housing and dispensing of mints and something else. While Defendants said
8 they would find another manufacturer who would make them a mint box,
9 Defendants acknowledged to Plaintiff that the idea of combining the housing and
10 dispensing of mints and something else was a great one and they gave words of
11 encouragement to Plaintiff.  Plaintiff, on the other hand, invested substantial
12 resources in developing a box combining mints and something else, and eventually
13 invented the novel Dispenser for Toothpicks and Tablets described in the Amity
14 Patent. Plaintiff then began marketing and selling its Dispenser for Toothpicks and
15 Tablets and, prior to the Amity Patent issuing; Plaintiff marked all of its
16 Dispensers for Toothpicks and Tablets with "Patent Pending". Moreover, Plaintiff
17 marked its Dispenser for Toothpicks and Tablets with the patent number
18 immediately after the Amity Patent issued.

19     26. Upon information and belief, Defendants realized they were falling behind
20 in the specialty advertising business, because they did not have a mint and
21 toothpick box product in their product line. Defendants then copied Plaintiff's
22 product and added a copied Dispenser for Toothpicks and Tablets to their product
23 line under the name "Pick 'N Mint".

24     27. Upon information and belief, Defendants knowingly and willfully filed a
25 U.S. patent application covering Plaintiff's invention without disclosing to the U.S.
26 Patent and Trademark Office that: (i) the invention covered by Defendants' patent
27 application was not conceived of and reduced to practice by Defendants and (ii)
28 that a printed publication disclosing the invention covered by Defendants' patent

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 7

application was publicly distributed in the United States more than one year prior to Defendants' application for a patent.  When the United States Patent Office rejected Defendants' claims in its patent application based on the earlier filing of the application for the Amity Patent, Defendants submitted an affidavit to the United States Patent Office falsely swearing under oath that Defendants conceived of the ideas found in Defendants' patent application prior to the date that Plaintiff filed its application for the Amity Patent.

28. Defendants have willfully infringed Plaintiff's Amity Patent for Dispenser for Toothpicks and Tablets.  Defendants were aware of Plaintiff's Amity Patent application prior to its issuance and were also aware of the Amity Patent after its issuance.

29. Customers of Defendants are also infringing the Amity Patent by using the infringing products.  Defendants' sale to those customers constitutes infringement by inducement by those customers.

30. Upon information and belief, Defendants have knowledge of Plaintiff's business and/or contractual relationships with past, existing, and potential customers ("Customers") that purchase Dispenser for Toothpick and Tablets products. Defendants have intentionally interfered with these relationships by copying, manufacturing, selling and offering for sale Plaintiff's patented Dispenser for Toothpicks and Tablets in violation of the Amity Patent, thereby causing termination of Plaintiff's business relationships with Plaintiff's Customers. Defendants intentionally withheld from the Patent Office a publication depicting the invention of U.S. Patent Number 7,066,349, and an offer for sale of the invention, more than one year before the earliest priority date claimed in Defendants' application for U.S. Patent Number 7,066,349.

31. On or about January 20, 2010, this Court granted Amity's Motion for Summary Judgment of Invalidity of U.S. Patent Number 7,066,349 Under 35 U.S.C. § 102(b) and Unenforceability.

Wulk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 8

32. As a result of Defendants' wrongful actions, Defendants have derived, received and will derive and receive from their wrongful conduct, profits and advantages, in an amount not presently known to Plaintiff, and Plaintiff, by reason of the wrongful conduct, has been and will be greatly damaged and has been and continues to be deprived of and prevented from receiving, gains and profits to which Plaintiff is lawfully entitled and which it would derive and receive and would now be deriving and receiving but for Defendants' infringement and/or other violations of the law set forth herein.

33. Moreover, purchasers are likely to purchase Defendants' goods believing they are Plaintiff's, thereby resulting in a loss of sales and other damages to Plaintiff, including but not limited to damage to goodwill, lost sales, and/or the cost of a corrective advertising campaign.

34. Additionally, Plaintiff is entitled to Defendants' gross revenues from the wrongful acts, interest, costs and consequential damages, except for any such legally allowable costs, as Defendants are able to prove. In addition, Plaintiff has lost sales due to Defendants' infringement and will continue to lose sales as a result of their infringing actions, and other damages, as set forth above, and has incurred and will continue to incur, attorney's fees and costs due to said infringing actions. Moreover, this case being exceptional, Plaintiff is entitled to an award of increased damages and attorney's fees.

35. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff will suffer and continue to suffer injury and it has no adequate remedy at law. Plaintiff will be irreparably harmed unless Defendants are immediately restrained and enjoined from committing and continuing to commit such wrongful acts.

36. Additionally, because of the willful and deliberate nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages.

///

///

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,004,350)

As for the first claim for relief, against Defendants, and each of them, Plaintiff

alleges as follows:

37. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 36 inclusive, with the same force and effect as though set forth in full hereat.

38. Defendants' aforementioned acts constitute patent infringement under 35 U.S.C. § 271 et seq.

39. Defendants are, and were, at all times relevant hereto, aware of the Amity Patent and knowingly and willfully infringed the same.

40. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged as previously alleged. Because this case constitutes an exceptional case, Plaintiff is entitled to reasonable attorney's fees and treble damages pursuant to 35 U.S.C. § 284.

## SECOND CLAIM FOR RELIEF

### (Inducement of Infringement of U.S. Patent No. 7,004,350)

As for the second claim for relief, against Defendants, and each of them, Plaintiff

alleges as follows:

41. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 40 inclusive, with the same force and effect as though set forth in full hereat.

42. Defendants' aforementioned acts constitute inducement of patent infringement under 35 U.S.C. § 271 et seq.

43. Defendants are, and were, at all times relevant hereto, aware of the Amity Patent and knowingly and willfully infringed the same, and induced others to infringe the same.

Wolk Levine
& Trutter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 10

44. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged as previously alleged. Because this case constitutes an exceptional case, Plaintiff is entitled to reasonable attorney's fees and treble damages pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF
### (False Advertising Under the Lanham Act)
As to the third claim for relief, against Defendants, and each of them, Plaintiff alleges as follows:

45. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 44 inclusive, with the same force and effect as though set forth in full hereat.

46. Defendants published advertisements in media, for example, its product brochure and its online product advertisement, that were false and misleading, for reasons including, but not limited to, advertising a product that is Plaintiff's product and intellectual property, not the product of Defendants.

47. Defendants' actions alleged above constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

48. As a direct and proximate cause of Defendants' false advertising, Plaintiff has been damaged as previously alleged.

## FOURTH CLAIM FOR RELIEF
### (Intentional Tortious Interference Under California State Law)
As to the fourth claim for relief, against Defendants, and each of them, Plaintiff alleges as follows:

49. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 48 inclusive, with the same force and effect as though set forth in full hereat.

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 11

50. Defendants' actions alleged above constitute intentional tortious interference under California state law.

51. As a direct and proximate result of Defendants' intentional tortious interference, Plaintiff has been damaged as previously alleged, including, but not limited to, the loss of revenues from the loss of current and prospective customers and business relationships as a result of Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq.)

As to the fifth claim for relief, against Defendants, and each of them,

Plaintiff alleges as follows:

52. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 51 inclusive, with the same force and effect as though set forth in full hereat.

53. Defendants' actions alleged above constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200 et seq. as they constitute unlawful, unfair and fraudulent acts or practices that are likely to deceive the public as to the origin of the Dispenser for Toothpicks and Tablets and the relationship between Plaintiff and Defendants with respect to the Amity Patent, among other things.

54. As a direct and proximate result of Defendants' unfair competition, Plaintiff has been damaged as previously alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and damages in excess of $75,000 as follows:

1. Enter judgment for Plaintiff on the counts named herein;

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 12

2. Actual damages suffered by Plaintiff as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law, but in no event less than the statutory minimum of this court;

3.   Reasonable funds for future corrective advertising;

4.   Restitutionary relief against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

5.   An Order recalling and/or destroying all products that infringe the Amity Patent.

6. Awarding Plaintiff compensatory damages for patent infringement, unfair competition, and tortious interference.

7. Punitive damages.

8. Treble damages for willful patent infringement under 35 U.S.C. § 284.

9. Reasonable attorney's fees.

10. Disgorgement of Defendants' profits.

11. Any other remedies to which Plaintiff may be entitled, including all remedies provided for in 15 U.S.C. § 1117, 17 U.S.C. § 101, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 17500, *et seq.*, and any other California law.

DATED:   12/21/12

Wolk Levine & Trotter, LLP

By: Zachary Levine
Attorneys for Plaintiff
Amity Rubberized Pen Corporation

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 13

## DEMAND FOR A JURY TRIAL

Pursuant to F.R.C.P. Rule 38 and Local Rule 38-1, Plaintiff requests a trial by jury.

DATED:   12/21/12

Wolk Levine & Trotter, LLP

By: Zachary Levine
Attorneys for Plaintiff
Amity Rubberized Pen Corporation

Wolk Levine
& Trotter
550 N. Brand
Blvd., Ste 625
Glendale, CA
91203

COMPLAINT FOR DAMAGES - 14

EXHIBIT 1

US007004350B2

(12) **United States Patent**
Oroumieh

(10) Patent No.: **US 7,004,350 B2**
(45) Date of Patent: **Feb. 28, 2006**

(54) DISPENSER FOR TOOTHPICKS AND TABLETS

(76) Inventor: **Robert Oroumieh**, 20723 Northampton, Diamond Bar, CA (US) 91789

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 165 days.

(21) Appl. No.: **10/801,194**

(22) Filed: **Mar. 15, 2004**

(65) **Prior Publication Data**
US 2004/0182077 A1    Sep. 23, 2004

**Related U.S. Application Data**

(60) Provisional application No. 60/455,704, filed on Mar. 17, 2003.

(51) Int. Cl.
*B65H 3/62*    (2006.01)

(52) U.S. Cl. .................... 221/123; 221/204; 221/288

(58) Field of Classification Search ............. 221/123, 221/124, 156, 307, 202, 252, 280, 267, 260, 221/311, 92; 206/540, 535, 528, 538
See application file for complete search history.

(56) **References Cited**
U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,958,438 | A | * | 1/1960 | Severson ...................... 220/525 |
| 5,482,157 | A | * | 1/1996 | Kim .............................. 206/92 |
| 5,947,294 | A | * | 9/1999 | Onnia et al. .............. 206/534.1 |
| 2005/0155873 | A1 | * | 7/2005 | Cohen .......................... 206/37 |

* cited by examiner

Primary Examiner—Gene O. Crawford
Assistant Examiner—Timothy Waggoner
(74) Attorney, Agent, or Firm—Donlard I. Brown

(57) **ABSTRACT**

A toothpick and tablet dispenser has two housing halves force-fitted together and guide walls in at least one of the halves to guide toothpicks and tablets to different outlets to dispense a single toothpick or tablet at a time. A gate at each outlet provides manual access to the outlets and insure sanitary interior conditions.

15 Claims, 2 Drawing Sheets



*Exhibit 1*

24







US 7,004,350 B2

1

# DISPENSER FOR TOOTHPICKS AND TABLETS

## RELATED APPLICATIONS

Reference is made to my Provisional Application No. 60/455,704, filed Mar. 17, 2003, entitled "Mint and Toothpick Dispenser".

## BACKGROUND AND SUMMARY OF THE INVENTION

The prior art provides various types of toothpick dispensers and tablet dispensers having various features. None discloses or suggests applicant's claimed combinations.

The dispenser of the invention is typically rectilinear with short side walls to space two housing halves apart to define interior space.

Defined in the interior of one half of the dispenser are guide walls to guide toothpicks and tablets, the tablets typically being a mint, to respective outlets for use, and to dispense a tablet or toothpick singly, one at a time.

Objects of the invention include the provision of a sanitary, enclosed device which need not be touched by a user until the time of use, toothpicks and tablets being maintained in sanitary condition.

The dispenser is simplified, easy to utilize, durable in use and in transport, as in a pocket or purse.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of a preferred embodiment of the present invention;

FIG. 2 is a perspective view of the embodiment of FIG. 1, held in the hand of a user with a gate member open when dispensing a tablet;

FIG. 2A is an enlarged perspective view of a gate portion of the dispenser of FIG. 2 showing retention features for a tablet;

FIG. 3 is a perspective view of the dispenser of FIG. 1 in the hand of a user with a toothpick being dispensed; and

FIG. 4 is a perspective view showing two housing members of the embodiment of the dispenser of the invention showing details of internal features which provide the results and advantages according to the invention.

## DESCRIPTION OF PREFERRED EMBODIMENTS

Referring to the drawings, a preferred embodiment 10 is shown as comprising two housing halves 12, 14 which are generally planar and which are adapted to be forced together to provide a closed dispenser, as shown in FIG. 1.

A separation wall 16 extends longitudinally and is spaced from another edge of the lower housing member 12 (FIG. 4) to provide a defined housing or space for toothpicks 18, and to separate the toothpicks from a space which accommodates a plurality of tablets or pills, typically mints, 20.

The two halves or housing members are adapted to be snapped together to provide a closed housing for tablets and toothpicks. The dispenser may typically be 3" long and 2" wide, with an overall thickness of ¼", typically.

A plurality of male posts 22 extend from the lower housing member 12, and, as shown, four of the posts are disposed near corners of the member and two are disposed at guide walls 24, 26, as shown. Mating female sockets 28

2

are adapted to receive the male posts in force-fitting relation to attach the lower and upper housing members together. The housing halves are manually separable by applying appropriate separation force.

Guide walls 24 and 26 serve to guide tablets or mints 20 toward outlet 35. The contours of these guide walls insure that only a single tablet will exit at one time. Guide walls 26 and 27 retain toothpicks 18 longitudinally and are configurated to insure that only a single toothpick 18 will exit the outlet opening 27 at one time. The longitudinal wall 17 and guide wall 26 define the outlet opening 27, as shown.

A dispensing gate 32 for tablets, mints or the like extends from the lower housing member 12 and is typically formed therewith. This dispensing gate is opened by the user's fingers to its position shown in FIG. 2. A retaining ridge 36 at its outer portion and retention blocks 36 at either side retain a tablet or mint 20 against falling from the gate. The tablet or mint 20 can then be removed and the gate closed, the gate being adapted to engage the upper housing member 14 in a snap fit.

A dispensing gate 34 for toothpicks is manually snapped open and is disposed on the upper housing member 14. It is manually snapped open to enable the exit of a toothpick 18 which is guided by the guide wall 26 to insure that only a single toothpick will exit at a time, as shown in FIG. 3. After the exit of a toothpick, the dispensing gate 34 is snapped shut, engaging the lower surface of lower housing member 12 in a snap fit.

The invention claimed is:

1. A dispenser for toothpicks and tablets, comprising: first and second housing members attached together to define a dispenser housing,
means to releasably attach the housing members together, respective outlet openings for toothpicks and tablets in at least one of the housing members,
separation wall means in a first one of the housing members and spaced from an edge thereof to define a toothpicks retaining chamber,
a plurality of first guide wall means disposed on at least one of the housing members and having portions parallel to and perpendicular to an outlet to guide a single toothpick to said outlet, and
second guide wall means on one of said housing members and defining a portion of the outlet for tablets and configurated to guide a single tablet to the outlet opening.

2. A dispenser according to claim 1 wherein said separation wall means is adapted to maintain toothpicks oriented to facilitate their passing to the outlet.

3. A dispenser according to claim 1 wherein a plurality of posts are disposed near corners of one of said housing members to engage in socket members on the other housing member in a force-fit relationship to retain the housing members together.

4. A dispenser according to claim 1 wherein the second guide wall means has portions respectively parallel to and perpendicular to an edge of a housing member to retain tablets and guide a single tablet to said outlet.

5. A dispenser according to claim 1 and further comprising a gate adjacent each respective outlet and manually openable for dispensing a toothpick or tablet via said outlet for toothpicks.

6. A dispenser for toothpicks and tablets, comprising: first and second housing members attached together to define a dispenser housing,
respective outlets for toothpicks and tablets in at least one of the housing members,

US 7,004,350 B2

**3**

separation wall means in a first one of the housing members and spaced from an edge thereof to define a toothpicks retaining chamber,

first guide wall means having respective portions parallel to and perpendicular to a toothpick outlet wall and to a guide a single toothpick to said outlet opening,

second guide wall means adapted and positioned to align a toothpick with the toothpick outlet to eject a single toothpick at a time, and

third guide wall means on one of said housing members and defining a portion of said outlet for tablets and configured to guide a single tablet to the outlet opening.

7. A dispenser according to claim 6 wherein a plurality of posts are disposed near corners of one of said housing members to engage in socket members on the other housing member in a force-fit relationship to retain the housing members together.

8. A dispenser according to claim 6 wherein the second guide wall means has portions respectively parallel to and perpendicular to an edge of a housing member to rotate toothpicks and guide a single toothpick to said outlet.

9. A combination according to claim 6 and further comprising a gate adjacent each of said outlets and manually operable to enable the dispensing of a single item therethrough, and being manually closable by engaging a housing member.

10. A dispenser according to claim 6, wherein said third guide wall means defines a portion of an outlet.

11. A dispenser for toothpicks and tablets, comprising:

first and second housing members define a dispenser housing,

respective outlets for toothpicks and tablets in at least one of the housing members,

separation wall means in a first one of the housing members and spaced from an edge thereof to define a toothpicks retaining chamber,

**4**

first guide wall means having respective portions parallel to and perpendicular to an outlet opening wall and defining a toothpick compartment to guide a single toothpick to said outlet opening,

second guide wall means on one of said housing members defining a portion of said outlet opening for tablets and configured to guide a single tablet to the outlet opening,

means to releasably attach the housing members together, and

a gate on at least one of the housing members adjacent one of said respective outlets and manually operable to enable an item to pass through the outlet, said gate having a portion engageable with one of said housing members in a force-fit to secure the gate over said outlet.

12. A dispenser according to claim 11 wherein a plurality of posts are disposed near corners of one of said housing members to engage in socket members on the other housing member in a force-fit relationship to retain the housing members together.

13. A dispenser according to claim 11 wherein the second guide wall means has portions respectively parallel to and perpendicular to an edge of a housing member to rotate tablets and guide a single tablet to said outlet.

14. A combination according to claim 11 and further comprising a gate adjacent each of said outlets and manually operable to enable the dispensing of a single item therethrough, and being manually closable by engaging a housing member.

15. A dispenser according to claim 11 wherein separate gates are provided, one for toothpicks and the other for tablets.

* * * * *

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 69 ODW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Zachary Levine (SBN 265901)
Sarah R. Wolk (SBN 251461)
Jessica N. Trotter (SBN 251457)
WOLK LEVINE & TROTTER, LLP
550 N. Brand Blvd., Ste. 625
Glendale, CA 91203

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AMITY RUBBERIZED PEN COMPANY, a
California Corporation,

PLAINTIFF(S)

MARKET QUEST GROUP INCORPORATED, a
California corporation dba ALL-IN-ONE MANUFACTURING;
ALL-IN-ONE ONLINE, (as an entity or unknown status;
HARRAH COHEN, an individual, KAREN COHEN,
an individual; and DOES 1-10, inclusive

DEFENDANT(S).

| CASE NUMBER |
| --- |
| CV13-00069 |
| ODW (SHx) |

SUMMONS

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, __Wolk Levine & Trotter, LLP__, whose address is
__550 N. Brand Blvd., Ste. 625, Glendale, CA 91203__. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:     JAN  4 2013

By: _____
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed*
*60 days by Rule 12(a)(3)].*

Zachary Levine (SBN 265901)
Sarah R. Wolk (SBN 251461)
Jessica N. Trotter (SBN 251457)
WOLK LEVINE & TROTTER, LLP
550 N. Brand Blvd., Ste. 625
Glendale, CA 91203

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AMITY RUBBERIZED PEN COMPANY, a
California Corporation,

PLAINTIFF(S)

MARKET QUEST Group's INCORPORATED, a
California Corporation dba ALL-IN-ONE MANUFACTURING;
MULTIWANGONLINE, (om), an entity of unknown status;
HARRIS COHEN, an individual; KAREN COHEN,
an individual; and DOES 1-10, inclusive

DEFENDANT(S)

CASE NUMBER

CV13-00069 GWLSHx

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Wolk Levine & Trotter, LLP__, whose address is __550 N. Brand Blvd., Ste. 625, Glendale, CA 91203__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __JAN - 4 2013__

Clerk, U.S. District Court

By: _____

JULIE PRADO

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV06-06165 GW (CWX)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to Item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   1/4/13

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AMITY RUBBERIZED PEN COMPANY, a California Corporation

**DEFENDANTS**
MARKET QUEST GROUP INCORPORATED, a California corporation dba ALL-IN-ONE MANUFACTURING; MORTGAGE USA.com, an entity of unknown status; HARRIS COWEN, an individual; KAREN COWEN, an individual; and DOES 1-10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Wolk Levine & Trotter, LLP
550 N. Brand Blvd., Ste. 625, Glendale, CA 91203
818-241-7499

Attorneys (If Known)
UNKNOWN

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ MONEY DEMANDED IN COMPLAINT: $ More than $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
See attached list

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV13-00069

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2